UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G KINNEY,<br><br>Plaintiff,<br><br>v.<br><br>MARIANO-FLORENTINO CUELLAR, et al.,<br><br>Defendants. | Case No. 18-cv-01041-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 8 |

## I.   INTRODUCTION

Pro se Plaintiff Charles Kinney[1] has filed this action against current and former California Supreme Court justices, three state court appellate judges, and a California superior court judge — Defendants Chief Justice Tani G. Cantil-Sakauye, the Honorable Mariano-Florentino Cuéllar, the Honorable Carol A. Corrigan, the Honorable Goodwin H. Liu, the Honorable Leondra R. Kruger, the Honorable Ming W. Chin, the Honorable Kathryn M. Werdegar, Presiding Justice Frances Rothschild of the California Court of Appeal, Second Appellate District, Division One; Associate Justice Victoria Gerrard Chaney, Associate Justice Jeffrey W. Johnson, and the Honorable Barbara M. Scheper (all defendants collectively referred to as "Defendants"). Mr. Kinney alleges that the Defendants have (i) violated the Supremacy Clause, U.S. Const. art. VI, cl. 2., (ii) committed RICO violations, 18 U.S.C. § 1961, (iii) violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (iv) failed to provide

---

[1] Mr. Kinney is a disbarred lawyer who has been declared a vexatious litigant by multiple courts. *See Kinney v. Cantil-Sakauye*, No. C-17-1607 JST (DMR) (Docket No. 14) (R&R at 3) (in R&R, subsequently adopted by district court, noting instances in which Mr. Kinney was declared a vexatious litigant – by a Los Angeles superior court, by a state appellate court, and by a federal district court); *Kinney v. Clark*, 12 Cal. App. 5th 724, 727 (2017) (noting the same – "[t]he Los Angeles Superior Court, this court, and the Central District of California all have declared Kinney to be a vexatious litigant").

"honest services", (v) committed Bankruptcy Fraud, (vi) violated his civil and constitutional rights, and seeks damages as well as declaratory and injunctive relief. *See* Docket No. 5 ("FAC"). Defendants have filed a motion to dismiss Mr. Kinney's first amended complaint ("FAC"), asserting that his claims are barred by, *inter alia*, the *Rooker-Feldman* doctrine and judicial immunity. Having reviewed the parties' submissions, the Court hereby **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

## II. FACTUAL & PROCEDURAL BACKGROUND

In 2005, Mr. Kinney and Kimberley Kempton purchased certain real property in Los Angeles from Michele Clark. *See Kinney v. Clark*, 12 Cal. App. 5th 724, 727 (2017). "The purchase agreement governing the transaction (the Agreement) included a prevailing party attorney fees clause." *Id.*

In 2006, Mr. Kinney and Ms. Kempton began to file lawsuits concerning the property in Los Angeles superior court. *Id.* One of the lawsuits was No. BC354136. *See* FAC ¶ 9. In this action, Mr. Kinney sued his new neighbor, Ms. Cooper, because she had built a fence on the real property back in 1991 (albeit with Ms. Clark's oral permission). Ms. Cooper countersued (presumably, to maintain the fence and access to the property), and then Mr. Kinney filed a cross-complaint against Ms. Clark because the lease or easement she gave to Ms. Cooper was not recorded. *See* FAC ¶ 9.

The Los Angeles superior court judge presiding over the case was Defendant Barbara Scheper. *See* FAC ¶ 12. After Mr. Kinney lost his case against Ms. Clark, Ms. Clark moved for attorney's fees as the prevailing party under the purchase agreement. In December 2008, Judge Scheper granted the motion. *See* FAC ¶¶ 11, 15; *see also Kinney v. Clark*, 12 Cal. App. 5th at 726 (noting that "Kinney has been challenging Clark's entitlement to fees and costs in this action since 2008, when the trial court first awarded Clark attorney fees and costs under a residential purchase agreement to which she and Kinney were parties"); *id.* at 728 (noting that, "[o]n December 15, 2008, the trial court granted [Clark's] motion [for fees under the Agreement as the prevailing party in the lawsuit] and awarded $9,349 in attorney fees"). Kinney appealed the judgment and on February 3. 2010, the California Court of Appeal affirmed the fee award. *Id.* at 728.

2

In or about July 2010, Ms. Clark declared bankruptcy. *See* FAC ¶ 11. Apparently, "'[t]he expense of defending against Kinney's claims was a substantial factor leading to Clark's bankruptcy.'" *Kinney v. Clark*, 12 Cal. App. 5th at 728.

Approximately two years later, in July 2012 (*i.e.*, while the bankruptcy proceeding was still pending), the Los Angeles superior court awarded Ms. Clark additional attorney's fees (hereafter known as the "July 2012 fee award") for work performed in defending Mr. Kinney's appeal of the December 2008 fee award. *See Kinney v. Clark*, No. B272408, 2017 Cal. App. Unpub. LEXIS 7563, at *3. (Cal. Ct. App. Nov. 1, 2017).

Subsequently, Ms. Clark was discharged from bankruptcy. In an order issued in October 2012, the bankruptcy court stated that "'Kempton and Kinney are not creditors of this estate'" and that all of Ms. Clark's "'right to recovery [of] attorneys' fees and costs from Kempton and Kinney arising from litigation concerning the Fernwood Property are deemed to have been abandoned by the Trustee.'" *Kinney v. Clark*, 12 Cal. 4th at 729. This left Ms. Clark free to pursue collection of fees owed by Mr. Kinney. The bankruptcy court also stated that fees, if recoverable under the purchase agreement and California law, would be adjudicated in state court. *See id.*

In 2013, Ms. Clark began to try to enforce the December 2008 fee award and, in 2014, she began to try to enforce the July 2012 fee award. *See id.* at 728-30. In 2015, Ms. Clark was awarded additional fees by the superior court for work performed in trying to enforce the fee award(s). *See Kinney v. Clark*, No. B272408, 2017 Cal. App. Unpub. LEXIS 7563, at *1, 5 (Cal. Ct. App. Nov. 1, 2017).

In March 2016, the superior court awarded Ms. Clark additional fees for work related to enforcement of the fee awards. *See id.* at *1, 6 (Cal. Ct. App. Nov. 1, 2017). In June 2016, the superior court imposed monetary sanctions on Mr. Kinney for filing a frivolous motion for reconsideration of the March 2016 fee award. *See id.* at *2, 7.

Mr. Kinney appealed the March 2016 and June 2016 rulings, which resulted in two appeals – *i.e.*, No. B272408 and B276290. *See* FAC ¶ 9. The state appellate court judges presiding over the appeals were Defendants Frances Rothschild, Victoria Chaney, and Jeffrey Johnson. *See* FAC ¶ 13. In November 2017, the appellate court ruled against Mr. Kinney. *See generally Kinney v.*

3

*Clark*, 2017 Cal. App. Unpub. LEXIS 7563.

Subsequently, Mr. Kinney petitioned the California Supreme Court for review (No. S245892 and No. S246379). *See* FAC ¶ 14. The petitions were denied in January and February 2018. *See* FAC ¶¶ 15-16; *see also Kinney v. Clark*, No. S245892, 2018 Cal. LEXIS 259 (Cal. Jan. 17, 2018); *Kinney v. Clark*, No. S246379, 2018 Cal. LEXIS 1440 (Cal. Feb. 14, 2018).

In the instant action, Mr. Kinney now sues Judge Scheper, the three state appellate court judges identified above, and the California Supreme Court justices (current and former) who denied his petitions for relief. Mr. Kinney's theory seems to be (at least in part) that he should not have had to pay any fee awards granted to Ms. Clark before she filed her bankruptcy petition (in July 2010) because such awards were for debts that Ms. Clark owed her attorneys and the bankruptcy discharge eliminated all of Ms. Clark's prepetition debts, thus undermining the basis for the fee awards against Kinney. *See, e.g.*, FAC ¶ 24. The Court of Appeal rejected that argument. *Kinney v. Clark*, 2017 Cal. App. Unpub. LEXIS 7563, at *9 (noting that, in a prior decision, "[w]e also rejected Kinney's argument (again repeated here) that Clark was not entitled to collect on a pre-discharge fee award because her debt to her attorneys was discharged in bankruptcy[;] [w]e explained that this argument was not before us on appeal because we were reviewing a post-bankruptcy award of attorney fees (as we are here) and, in any event, Kinney lacked standing to challenge what Clark owes her attorneys and what she chooses to pay them"). Mr. Kinney also suggests that other fee awards are invalid because the bankruptcy discharge made prepetition contracts – including the 2005 purchase agreement between himself and Ms. Clark – unenforceable. This is a recycled argument, which was addressed by state courts. *See Kinney v. Clark*, 12 Cal. App. 5th 724, 733 (noting that "Clark's bankruptcy did not eliminate her entitlement to attorney fees and costs under the [prepetition contract]"). *See* FAC ¶ 24. According to Mr. Kinney, all Defendants knew about Ms. Clark's bankruptcy and therefore their judicial decisions granting or affirming fee awards violated his rights.

### III.  DISCUSSION

As indicated by the above, all Defendants in this case are judges, and all have been sued based on decisions they made as judges. Defendants have moved to dismiss, asserting that all of

4

Mr. Kinney's claims for relief are barred because of one or more of the following reasons:

    (1) The Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

    (2) All Defendants have judicial immunity from the claims asserted.

    (3) All claims are barred by res judicata and/or collateral estoppel.

    (4) All claims are barred by the Anti-Injunction Act (28 U.S.C. § 2283).

    (5) Mr. Kinney has failed to state a claim for relief.

A.    <u>*Rooker-Feldman* Doctrine Applies to Kinney's Requests for Injunctive and Declaratory Relief</u>

The Court finds that Mr. Kinney's requests for injunctive and declaratory relief are barred by the *Rooker-Feldman* doctrine.[2] *See* FAC at 19 (Mr. Kinney seeks a "declaration of rights, duties, obligations and legal relations" of the issues in the FAC and a "temporary and/or permanent declaratory relief, injunctive relief and/or equitable relief"). The "*Rooker–Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The U.S. Supreme Court has stressed the "narrow" scope of the *Rooker–Feldman* doctrine, emphasizing that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Ninth Circuit explained what may constitute a "forbidden de facto appeal" by way of two examples. The first is an action in which "the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The second example is an action where the "federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal

---

[2] The *Rooker-Feldman* doctrine is based on two cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

ruling, in a case in which the federal plaintiff was one of the litigants." *Id*.

If the action is, in part, a de facto appeal of a state court decision or judgment, then a federal district court "must refuse to hear the forbidden appeal." *Noel*, 341 F.3d at 1158. "As part of that refusal, [a federal district court] must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*.; see also *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 (1983) (stating that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the [d]istrict [c]ourt is in essence being called upon to review the state court decision," which the "[d]istrict [c]ourt may not do."). Claims are inextricably intertwined "where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (citation and internal quotation marks omitted); *see also Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (explaining that a "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it").

While Mr. Kinney fails to specify what declaratory relief he seeks from this court, it appears that Mr. Kinney's requests for declaratory relief against the Defendants essentially asks this Court to conclude that previous state court rulings (including the March 2016, June 2016 and November 2017 rulings) were erroneous, that the California Supreme Court wrongly denied his petitions for review, and that Kinney suffered harm as a result of those allegedly erroneous decisions. *See* FAC at ¶¶ 9, 14–19. Mr. Kinney alleges that the Defendants had issued improper rulings, on the grounds that (i) the Defendants "blatantly ignor[ed] bankruptcy law", and "violat[ed] the Supremacy Clause with respect to bankruptcy law", *id.* at ¶ 17, (ii) the California's vexatious litigant statute only applies to pro se litigants, *id.* at ¶ 19, (iii) the Defendants "unjustly enrich[ed] discharged bankruptcy debtor Clark" and his attorneys, *id.*, and (iv) that Defendants violated his "state and/or federal constitutional and civil rights." *Id.* Mr. Kinney thus directly challenges the state court rulings issued by the defendant judges.

6

United States District Court
Northern District of California

1  Mr. Kinney's requests for declaratory relief essentially asks this Court to (i) overturn state court decisions which have awarded Ms. Clark more fees for work related to enforcement of the fee award(s), *see Kinney v. Clark*, No. B272408, 2017 Cal. App. Unpub. LEXIS 7563, at *1, 6 (Cal. Ct. App. Nov. 1, 2017), (ii) declare that state court's imposition of monetary sanctions on Mr. Kinney was invalid, *see id*. at *2, 7, (iii) declare that the subsequent California Court of Appeal decision, which affirmed the fee award and monetary sanctions, was invalid, s*ee generally Kinney v. Clark*, 2017 Cal. App. Unpub. LEXIS 7563, and (iv) declare that Mr. Kinney has a right to petition for review, even though the California Supreme Court denied his petitions for review, *see Kinney v. Clark*, No. S245892, 2018 Cal. LEXIS 259 (Cal. Jan. 17, 2018); *see also Kinney v. Clark*, No. S246379, 2018 Cal. LEXIS 1440 (Cal. Feb. 14, 2018).

As alleged in the FAC, Mr. Kinney directly attacks the state court decisions; this amounts to a forbidden de facto appeal of state court decisions barred by *Rooker-Feldman*. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Mr. Kinney's claims are "inextricably intertwined" with the state courts' decisions "such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" and as such, his "complaint must be dismissed for lack of subject matter jurisdiction." *Id*.

With respect to his request for injunctive relief, Mr. Kinney fails to specify anywhere in the FAC precisely what injunctive relief he seeks and for which he claims. The closest request for injunctive relief is Mr. Kinney's allegation in his RICO claim, which appears to ask the Court to enjoin, prohibit and/or reverse the state court orders in order to prevent the continued violation of Mr. Kinney's federal statutory and constitutional rights. *See, e.g.*, FAC ¶ 42 (RICO claim) (alleging that "[u]nless the conduct of the defendants, and each of them, is restrained, prohibited and/or reversed, plaintiff has suffered and will continue to suffer irreparable harm including but not limited to the prevention of plaintiff from exercising his First Amendment rights to redress of grievances, to free speech, and/or to freedom of association in regards to the subject appeal"). This amounts to a request to enjoin (and effectively overturn) the state court orders that Mr. Kinney contends were wrongly decided. Again, such a request is barred by *Rooker-Feldman*. *See*

1  *Cooper*, 704 F.3d at 777–78 ("To determine whether an action functions as a de facto appeal, we

2  'pay close attention to the relief sought by the federal-court plaintiff.'") (quoting *Bianchi v.*

3  *Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)); *see also Kinney v. Cantil-Sakauye*, No. 17-1607

4  JST (DMR) (Docket No. 14) (where Mr. Kinney sought the same form of injunctive relief in a

5  prior action in this district, and failed to specify the precise form of injunctive relief he seeks.).

6       Mr. Kinney contends that *Rooker-Feldman* does not apply because there has not been a

7  trial or hearing on the merits on any of the issues, including Mr. Kinney's vexatious litigant status,

8  the issue of attorneys' fees, the elimination of Clark's obligations under her prepetition contracts

9  and the state court's jurisdiction after Clark's bankruptcy. *See* Docket No. 15 at 8–9. Whether or

10 not the state court rulings followed a trial or hearing on the merits is immaterial to the application

11 of *Rooker-Feldman*. *Id.* Under *Rooker-Feldman*, a "losing party in state court is thus barred from

12 seeking what in substance would be appellate review of a state judgment in federal district court,

13 even if the party contends the state judgment violated his or her federal rights." *See ScripsAm.,*

14 *Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1137 (C.D. Cal. 2014).

15 B.    <u>Judicial Immunity</u>

16      In addition to requests for injunctive and declaratory relief, Mr. Kinney seeks damages but

17 the Defendants are entitled to judicial immunity for all claims for which Mr. Kinney seeks

18 damages. "Judges are absolutely immune from civil liability for damages for their judicial acts."

19 *See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see*

20 *also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 923 (9th Cir. 2004) (explaining that state

21 court judges are generally entitled to absolute immunity for actions taken within their jurisdiction).

22 A given action is judicial in nature if "'it is a function normally performed by a judge, and to the

23 expectations of the parties, i.e., whether they dealt with the judge in his [or her] judicial

24 capacity[.]'" *Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986) (quoting *Stump v.*

25 *Sparkman*, 435 U.S. 349, 362 (1978)). Judicial acts, even when made in error, maliciously or

26 corruptly, do not deprive judicial officers of immunity. *See Meek v. County of Riverside*, 183 F.3d

27 962, 965 (9th Cir.1999). The law strips a judge of immunity only if he or she acts "in the clear

28 absence of all jurisdiction." *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting

*Stump*, 435 U.S. at 356–57) (quotation marks omitted).

The allegations in the FAC make clear that Mr. Kinney is suing the Defendants for acts committed in their capacity as judges. Specifically, Mr. Kinney is suing the Defendants because they issued adverse orders against him, and they denied his petition for review.[3] *See* FAC ¶¶ 9–19. Mr. Kinney claims that judicial immunity does not apply because these Defendants were acting in their "individual capacities" since they were acting "as a prosecutor and not as a neutral arbitrator." *See* FAC ¶¶ 19–22. Mr. Kinney claims further that judicial immunity does not apply because the judicial defendants are subject to liability under 42 U.S.C. §§ 1983 and 1985. *See* Docket No. 15 at 7.

However, there are only two situations where a judicial officer will not be entitled to judicial immunity. "First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9 at 11–12 (1991) (internal citations omitted).

Here, Mr. Kinney does not allege "non-judicial" acts. Instead, the FAC complains about the judgment and orders rendered by Judge Scheper, the opinions and orders issued by Justice Rothschild, Justice Chaney and Justice Johnson in Kinney's appeals, and the denials of Kinney's petitions for review by the Chief Justice and Justice Cuéllar, Justice Corrigan, Justice Liu, Justice Kruger, Justice Chin and Justice Werdegar. *See* FAC at ¶¶ 19–22. Further, Mr. Kinney does not allege that the Defendants were acting "in complete absence of all jurisdiction." All acted "within the jurisdiction of his or her court." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). The Defendants are entitled to judicial immunity for all claims asserted by Mr. Kinney for which he seeks damages.

C.  Anti-Injunction Act (28 U.S.C. § 2283)

Finally, Mr. Kinney's claims for injunctive relief are also barred by the Anti-Injunction

---

[3] The FAC complains about the judgment and order rendered by Judge Scheper, the appellate opinions by Justice Rothschild, Justice Chaney and Justice Johnson in Kinney's appeals, and the denials of Kinney's petitions for review by the Chief Justice and Justice Cuéllar, Justice Corrigan, Justice Liu, Justice Kruger, Justice Chin and Justice Werdegar.

9

Act (AIA) pursuant to 28 U.S.C. § 2283, which provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. As Mr. Kinney seeks injunctive relief to abate enforcement of the sanctions fees ordered by state courts against Mr. Kinney, the AIA bars this Court from granting such relief. Mr. Kinney fails to establish any applicable exception to the AIA here.

## IV. <u>CONCLUSION</u>

In conclusion, (A) Mr. Kinney's claims are barred by the *Rooker-Feldman* doctrine, (B) the Defendants are entitled to judicial immunity, and (C) the AIA bars this Court from granting Mr. Kinney the relief he seeks.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction.

This order disposes of Docket No. 8.

**IT IS SO ORDERED**.

Dated: June 1, 2018

_____
EDWARD M. CHEN
United States District Judge