UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G KINNEY,<br><br>Plaintiff,<br><br>v.<br><br>MARIANO-FLORENTINO CUELLAR, et al.,<br><br>Defendants. | Case No. 18-cv-01041-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE, RECONSIDER, ALTER OR AMEND; AND ORDER TO SHOW CAUSE**<br><br>Docket No. 48 |

## I.     INTRODUCTION

Pro se Plaintiff Charles Kinney has filed this action against current and former California Supreme Court justices, three state court appellate judges, and a California superior court judge — Defendants Chief Justice Tani G. Cantil-Sakauye, the Honorable Mariano-Florentino Cuéllar, the Honorable Carol A. Corrigan, the Honorable Goodwin H. Liu, the Honorable Leondra R. Kruger, the Honorable Ming W. Chin, the Honorable Kathryn M. Werdegar, Presiding Justice Frances Rothschild of the California Court of Appeal, Second Appellate District, Division One; Associate Justice Victoria Gerrard Chaney, Associate Justice Jeffrey W. Johnson, and the Honorable Barbara M. Scheper (all defendants collectively referred to as "Defendants"). Mr. Kinney alleges that the Defendants have (i) violated the Supremacy Clause, U.S. Const. art. VI, cl. 2., (ii) committed RICO violations, 18 U.S.C. § 1961, (iii) violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (iv) failed to provide "honest services", (v) committed Bankruptcy Fraud, (vi) violated his civil and constitutional rights, and seeks damages as well as declaratory and injunctive relief. *See* Docket No. 5 ("FAC"). On June 1, 2018, the Court issued an Order Granting Defendants' Motion to Dismiss for lack of subject matter jurisdiction ("Order"). *See* Docket No. 44. Now Mr. Kinney moves the Court to reconsider and/or for an order amending the Court's June 1, 2018 Order pursuant to Federal Rules of Procedure 59

1  (motion to alter or amend judgment) and/or 60 (motion for relief from judgment).  *See* Docket No.
2  48 at 10.  Having reviewed Mr. Kinney's submissions, the Court hereby **DENIES** his motion to
3  vacate, reconsider, alter, or amend.

### II. MOTION TO VACATE, RECONSIDER, ALTER OR AMEND

"[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 US 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000). Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. A motion to alter or amend the judgment under Federal Rules of Civil Procedure 59(e) generally must be based on new evidence or judicial error. *See* Fed. R. Civ. P. Rule 59; *see also Carroll v. Nakatani*¸ 342 F. 3d 934, 945 (9th Cir. 2003) (noting that a Rule 59(e) motion may not be used to present for the first time arguments or evidence that could reasonably have been presented earlier in the litigation.)  If the moving party can show "mistake, inadvertence, surprise or excusable neglect," the court may set aside a judgment. *See* Fed. R. Civ. P. Rule 60(b).

Mr. Kinney appears to argue that federal jurisdiction exists because the Defendants have allegedly committed civil rights violations, and this Court's dismissal order was an abuse of discretion. *See* Docket No. 48 at 9. This argument, and various arguments in Mr. Kinney's motion for reconsideration, are largely repetitive of what has been previously presented in his complaint and opposition to the Defendants' motion to dismiss. *Id.*; *see also* Docket Nos. 5 ("FAC") and 15. The Court considered all those arguments in reaching its determination that the Defendants' motion to dismiss should be granted.

Further, Mr. Kinney has presented no "newly discovered evidence" or demonstrated that the Court has "committed clear error, or if there is an intervening change in the controlling law" to support his motion.[1]  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F. 3d 890. Instead, Mr.

---

[1] The Court notes that Mr. Kinney submitted a state court transcript dated Feb. 21, 2017, case no. B265267, *see* Docket No. 48-3, in support of his current motion but a motion to reconsider may

2

1 Kinney alleges that (i) there are "misstatements of facts" in the Court's Order, which are simply
2 disagreements with the Court's reasoning and findings, and (ii) there are inconsistencies and false
3 statements in the transcript of the hearing on Defendants' Motion to Dismiss, which are
4 immaterial to the Court's Order. *See* Docket No. 48 at 20. Based on the foregoing, Mr. Kinney's
5 motion to vacate, reconsider, alter, or amend the Court's June 1, 2018 Order is **DENIED**.

### III. ORDER TO SHOW CAUSE

Finally, the Court takes this opportunity to address whether Mr. Kinney should be declared a vexatious litigant and subject to the pre-filing review requirement. When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power to declare him a vexatious litigant and enter an order requiring that any future complaint be subject to an initial review before they are filed. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). District courts have the power to enter pre-filing orders against vexatious litigants under the All Writs Act. *See* 28 U.S.C. § 1651(a); *see Molski*, 500 F.3d at 1057. While "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts," *id.*, they are sometimes appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set out the requirements for entering pre-filing orders against vexatious litigants. *See id.* at 1147-48. First, the litigant must be given notice and an opportunity to be heard before the order is entered. *See id*. at 1147. Second, the Court must compile an adequate record for review, including a list of all cases and motions leading to the conclusion that the individual is a vexatious litigant. *See id*. Third, the Court must make substantive findings that the litigant's filings are frivolous or harassing. *See id*. at 1148. Finally, the pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered." *See id.*

Since 2014, Mr. Kinney has filed eleven separate lawsuits in this district based on the same

---

not be used to present for the first time arguments or evidence that could reasonably have been presented earlier in the litigation. *See Carroll v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003).

3

nucleus of facts, including this case.[2] The following is a list of cases which Mr. Kinney filed in this district, and arose out of a dispute over the purchase of the Fernwood property from Ms. Clark in 2005 or fence built by Ms. Cooper in 1990s, or judicial rulings by state court judges on those facts:

1. *Kinney v. Chomsky*, No. 14-cv-2187-LB, 2014 WL 3725932 (N.D. Cal. 2014)
2. *Kinney v. Marcus*, No. 14-cv-1260-LB (N.D. Cal. 2016)
3. *Kinney v. Takeuchi,* No. 16-cv-2018-LB (N.D. Cal. 2016)
4. *Kinney v. Gutierrez*, No. 16-cv-2278 LB (N.D. Cal. 2016)
5. *Kinney v. Lavin*, No. 14-cv-3817-PJH(MMC), 2014 WL 4182478 (N.D. Cal. 2014)
6. *Kinney v. Boren*, No. 16-cv-06505-VC (N.D. Cal. 2016)
7. *Kinney v. Cantil-Sakauye*, No. 17-cv-01607-JST (N.D. Cal. 2017)
8. *Kinney v. Rothschild*, No. 17-cv-3493-LB (N.D. Cal. 2017)
9. *Kinney v. Rothschild*, No. 17-cv-7366-VC (N.D. Cal. 2018)
10. *Kinney v. Cantil-Sakauye*, No. 18-cv-1158-VC (N.D. Cal. 2018)

In *Kinney v. Chomsky*, No. 14-cv-2187-LB, 2014 WL 3725932, *1-2 (N.D. Cal. July 25, 2014), Mr. Kinney sued Ms. Clark's attorneys Eric Chomsky, David Marcus and Peter Langsfeld for (i) violating his First, Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983, (ii) conspiring to violate his First, Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1985, and (iii) for violating civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. This case was related to (i) *Kinney v. Marcus*, No. 14-cv-1260-LB (N.D. Cal. 2014) (where Mr. Kinney sued Ms. Clark and her attorneys), (ii) *Kinney v. Takeuchi,* No. 16-cv-2018-LB (N.D. Cal. 2016) (where Mr. Kinney sued Ms. Clark and her bankruptcy attorney), and (iii) *Kinney v. Gutierrez*, No. 16-cv-2278-LB (N.D. Cal. 2016) (where Mr. Kinney sued Ms.

---

[2] As the facts of this case has been laid out in this Court's June 1, 2018 Order, the following is a short summary of the operative facts: in 2005, Mr. Kinney and Ms. Kimberley Kempton purchased certain real property in Los Angeles from Michele Clark. *See Kinney v. Clark*, 12 Cal. App. 5th 724, 727 (2017). Ms. Cooper lives at the adjacent real property to Mr. Kinney and Ms. Kempton and numerous civil actions arose out of disputes with regards to their individual rights with respect to their properties and public rights of way. *See In re Kinney*, 201 Cal. App. 4th 951 (Cal. Ct. App. 2011); *see also* Order at 2.

Clark, her attorneys and suing Ms. Clark, her attorneys, and the Honorable Philip S. Gutierrez, who presides at the Central District Court of California and remanded several of the civil actions between Mr. Kinney and Ms. Clark to state court), and were subsequently transferred to the Central District of California. *See Kinney v. Chomsky*, No. 14-cv-2187-LB, 2014 WL 3725932 (N.D. Cal. July 25, 2014). Upon transfer to the Central District, the cases were dismissed without leave to amend. *See Kinney v. Chomsky*, No. 14-cv-05895-PSG(MRW), Docket No. 62 at 4-9 (C.D. Cal. Oct. 9, 2014).

In a separate lawsuit, Mr. Kinney asserted a single cause of action under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, against two California state judges—the Honorable Luis A. Lavin of the Superior Court of California, County of Los Angeles; and the Honorable Roger W. Boren of the California Court of Appeal, Second Appellate District. *See Kinney v. Lavin*, No. 14-cv-3817-PJH(MMC), 2014 WL 4182478, *2 (N.D. Cal. Aug. 22, 2014). The lawsuit "pertain[ed] to [Mr. Kinney's] dissatisfaction with decisions rendered and orders issued by the California Superior Court or the California Court of Appeal, a number of those decisions finding [Mr. Kinney] and one of his clients to be vexatious litigants." *Id.* Mr. Kinney sought an ex parte temporary restricting order enjoining all proceedings in an action that was pending before the California Court of Appeal, Second District, Case No. B248713 (underlying Los Angeles Superior Court Case No. BC374938), including an oral argument scheduled for August 28, 2014 before the California Court of Appeal. *See id.* His ex parte application for injunctive relief was denied and his requests for damages were denied on grounds of judicial immunity. *See id.* Further, the case was subsequently dismissed without leave to amend. *See Kinney v. Lavin*, No. 14-cv-3817-PJH(MMC), Docket No. 26 (N.D. Cal. Oct. 31, 2014). The Ninth Circuit affirmed the district court's judgment and Mr. Kinney's subsequent petition for a writ of certiorari to the United States Court of Appeals for the Ninth Circuit was denied. *See Kinney v. Lavin*, 136 S. Ct. 214 (2015).

In 2016, Mr. Kinney brought another lawsuit against Presiding Justice Roger W. Boren of the California Court of Appeal and David Lane, an employee of the State of California Commission on Judicial Performance. *See Kinney v. Boren*, No. 16-cv-06505-VC, Docket No. 12

1  at 1 (N.D. Cal. Oct. 11, 2016). His ex parte application for a temporary restraining order, which sought in effect to reverse a California Court of Appeal decision requiring that he post a security as a vexatious litigant, was denied and the case was dismissed with prejudice sua sponte. *See id.* Mr. Kinney was "cautioned against filing frivolous or bad-faith actions" and warned that "even as a private pro se litigant, he may still be sanctioned under Rule 11 and 28 U.S.C. § 1927." *See id.* at 1-2. Mr. Kinney appealed the district court's judgment and the Ninth Circuit held that "[t]he district court properly dismissed [Mr.] Kinney's action as barred by the *Rooker-Feldman* doctrine because [Mr.] Kinney's claims amount to a forbidden "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment." *Kinney v. Boren*, 708 Fed. Appx 410, 411 (9th Cir. 2017). The Ninth Circuit also held that the district court did not abuse its discretion by (i) denying Mr. Kinney's motion for a temporary restraining order, and (ii) dismissing the complaint without leave to amend because amendment would be futile. *See id.*

Despite being cautioned in 2016, Mr. Kinney filed three separate lawsuits based on the same nucleus of facts in 2017. First, on March 24, 2017, Mr. Kinney sued Chief Justice Tani G. Cantil-Sakauye, the Honorable Mariano-Florentino Cuéllar, the Honorable Carol A. Corrigan, the Honorable Goodwin H. Liu, the Honorable Leondra R. Kruger, the Honorable Kathryn M. Werdegar, the Honorable Ming W. Chin (collectively "California Supreme Court Defendants"), former Presiding Justice Roger W. Boren of the California Court of Appeal, Second Appellate District, Division 2, Associate Justice Judith Ashmann-Gerst, Associate Justice Victoria M. Chavez, and Associate Justice Brian M. Hoffstadt asserting violations of: (1) RICO; (2) Fair Debt Collection Practices Act ("FDCPA"); (3) Honest services; (4) Bankruptcy fraud; (5) Declaratory Judgment Act; (6) Civil rights; and (7) Constitutional rights, and seeks damages, injunctive and declaratory relief. *See Kinney v. Cantil-Sakauye*, No. 17-cv-01607-JST, Docket No. 14 (N.D. Cal. Aug. 21, 2017). The district court dismissed sua sponte Mr. Kinney's action for damages on the basis of judicial immunity, and dismissed his requests for injunctive and declaratory relief for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Kinney v. Cantil-Sakauye*, No. 17-cv-01607-JST, 2017 WL 6502802, Docket No. 18 (N.D. Cal. Sep. 6, 2017). Second, on June 16, 2017, Mr. Kinney filed another lawsuit against Presiding Justice Frances Rothschild of the

California Court of Appeal, Second Appellate District, Division One, Associate Justice Victoria Gerrard Chaney, Associate Justice Jeffrey W. Johnson, Ms. Clark, and her attorneys David Marcus and Eric Chomsky. *See Kinney v. Rothschild*, No. 17-cv-3493-LB, Docket No. 1 (N.D. Cal. Jun. 16, 2017). The district court found that this case was related to *Kinney v. Gutierrez*, No. 16-cv-2278-LB, and was subsequently transferred to the Central District of California. *See id.*, Docket No. 18 (N.D. Cal. Jul. 3, 2017). Third, on December 29, 2017, Mr. Kinney filed another lawsuit against Presiding Justice Frances Rothschild of the California Court of Appeal, Second Appellate District, Division One, Associate Justice Victoria Gerrard Chaney, Associate Justice Jeffrey W. Johnson; the district court found that his complaint was a "de facto appeal of a November 30, 2017 state court sanctions order, and any additional issues raised are inextricably intertwined with the state court's decision." *See Kinney v. Rothschild*, No. 17-cv-7366-VC, Docket No. 6 (N.D. Cal. Feb. 26, 2018). The district court dismissed the case sua sponte and found that it did not have subject matter jurisdiction under *Rooker-Feldman* doctrine. *See id.*

In 2018, Mr. Kinney filed yet another lawsuit against Chief Justice Tani G. Cantil-Sakauye of the California Supreme Court and Associate Justice Victoria G. Chaney of the California Court of Appeal and the district court found that his complaint was a "de facto appeal of state court decisions, and any additional issues raised are inextricably intertwined with these state court decisions." *Kinney v. Cantil-Sakauye*, No. 18-cv-1158-VC, Docket No. 6 (N.D. Cal. Mar. 9, 2018). The district court found that it is "without subject matter jurisdiction" and dismissed the case sua sponte without leave to amend. *See id.* As mentioned above, each of the cases has been dismissed for lack of subject matter jurisdiction or transferred to the Central District of California.[3]

In sum, all ten cases have been dismissed as meritless, and sanctions imposed have been upheld. All cases appear to be frivolous.

Pursuant to the first *DeLong* requirement, Mr. Kinney is hereby ordered to show cause as

---

[3] Apart from the Northern District of California, Mr. Kinney has also brought numerous frivolous and harassing filings against Defendants and Counter-Defendants in the Central District of California. *See* Kinney v. Cooper, No. 15-cv-8910-PSG(JCx), 2016 U.S. Dist. LEXIS 193971 (C.D. Cal. 2016) (where the Central District Court of California declared Mr. Kinney as a vexatious litigant.).

7

to why he should not be declared a vexatious litigant and have a pre-filing order entered against him —more specifically, a pre-filing review for anything related to the purchase of the Fernwood property from Ms. Clark in 2005 or fence built by Ms. Cooper in 1990s, or judicial rulings by state court judges on those facts.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Kinney's motion to vacate, reconsider, alter, or amend the judgment is **DENIED**. **Mr. Kinney is ORDERED TO SHOW CAUSE as to why he should not be declared a vexatious litigant. His response must be filed within two weeks of the date of this order. If no timely response is filed, the Court shall declare him a vexatious litigant.**

This order disposes of Docket No. 48.

**IT IS SO ORDERED**.

Dated: June 29, 2018

_____
EDWARD M. CHEN
United States District Judge