UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G KINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIANO-FLORENTINO CUELLAR, et al.,<br><br>    Defendants. | Case No. 18-cv-01041-EMC<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Docket No. 53 |

    Previously, the Court issued an order instructing Plaintiff Charles Kinney to show cause as to why he should not be declared a vexatious litigant and why he should not have an order entered against him requiring a pre-filing review of his future complaints in this District. Mr. Kinney has filed a response to the order to show cause.

    Having reviewed Mr. Kinney's response, the Court finds that a declaration of Mr. Kinney as a vexatious litigant is warranted. In its order to show cause, the Court identified for Mr. Kinney all cases supporting the conclusion that he is a vexatious litigant. The Court also explained why the cases previously brought by Mr. Kinney were frivolous and/or harassing. Mr. Kinney has been given notice and an opportunity to be heard as to why he should not be declared a vexatious litigant, but nothing in his response establishes that such a declaration would be in error, unreasonable, or unfair.

    Contrary to what Mr. Kinney argues, there is no indication that his prior cases were not frivolous and/or harassing. For example, Mr. Kinney's claims against state judicial officers were barred by judicial immunity and Mr. Kinney's conclusory assertion that the judicial officers were acting as prosecutors is not supported by any facts. Also, the *Rooker-Feldman* doctrine blocks what is a de facto appeal of a state court decision even if the argument is that the state court

decision violates federal law. *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 640 (N.D. Cal. 2007) ("Where federal constitutional violations are asserted, federal question jurisdiction usually vests under 28 U.S.C. § 1331. *Rooker-Feldman* creates an exception which arises out of a negative inference from 28 U.S.C. § 1257, the statute that grants jurisdiction to review a state court judgment to the United States Supreme Court only, and not, *e.g.*, a federal district court."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1137 (C.D. Cal. 2014) ("[Under the *Rooker-Feldman* doctrine, a] losing party in state court is . . . barred from seeking what in substance would be appellate review of a state judgment in federal district court, even if the party contends the state judgment violated his or her federal rights.").

Moreover, Mr. Kinney's contention that he cannot be declared a vexatious litigant in light of new Supreme Court authority – namely, *Janus v. AFSCME*, Council 31, 138 S. Ct. 2448 (2018), *available at* 2018 U.S. LEXIS 4028, and *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018), *available at* 2018 U.S. LEXIS 4025 – is unavailing. Neither case is on point. Both cases concern compelled speech against the speaker's wishes. Declaring Mr. Kinney a vexatious litigant and imposing a pre-filing review requirement would not compel any speech from him.

Nor does it unconstitutionally suppress speech where the prerequisites for imposing vexatious litigant sanctions established by the Ninth Circuit are satisfied. Although access to the courts is protected by the First Amendment, s*ee Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (stating that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"), Mr. Kinney has failed to cite to any authority supporting the proposition that a vexatious litigant declaration and/or pre-filing review requirement, where predicated on a sound basis and properly tailored, violates an individual's right of access to the courts. Indeed, courts have rejected the claim. *See, e.g.*, *Wolfe v. George*, 385 F. Supp. 2d 1004 (N.D. Cal. 2005) (holding that California's vexatious litigant statute does not violate the First Amendment).

Accordingly, the Court hereby declares Mr. Kinney a vexatious litigant and imposes a pre-filing review requirement on him. Mr. Kinney must obtain leave of court before filing any further

suits related to the purchase of the Fernwood property from Ms. Clark in 2005, the fence built by Ms. Cooper in the 1990s, or judicial rulings by state court judges on those facts. The Clerk of the Court shall not accept for filing any further complaints filed by Mr. Kinney implicating these subject matters until that complaint has first been reviewed by a judge of this District and approved for filing. The pre-filing review shall be made by the general duty judge who will determine whether Mr. Kinney has stated a potentially cognizable claim in a short, intelligible, and plain statement.

**IT IS SO ORDERED**.

Dated: July 17, 2018

_____
EDWARD M. CHEN
United States District Judge